## In re NORTHWESTERN CORPORATION SECURITIES LITIGATION

### No. CIV 03–4049.

United States District Court,
D. South Dakota,
Southern Division.

April 7, 2004.

---

Lionel Z. Glancy, Glancy & Binkow, Los Angeles, CA, Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, Arthur L. Shingler, III, Scott & Scott, LLC, Darren J. Robbins, Lerach Coughlin Stoia & Robbins LLP, San Diego, CA, David Lavine, Milberg, Weiss, Bershad, Hynes & Lerach, Dennis J. Herman, Lerach Coughlin Stoia & Robbins LLP, San Francisco, CA, John T. DeCarlo, DeCarlo, Connor & Selvo, Los Angeles, CA, Patrick J. Coughlin, Lerach Coughlin Stoia & Robbins LLP, Reed R. Kathrein, Lerach Coughlin Stoia & Robbins LLP, San Francisco, CA, Thomas K. Wilka, Hagen, Wilka and Archer, P.C., Sioux Falls, SD, William S. Lerach, Lerach Coughlin Stoia & Robbins LLP, San Diego, CA, Willow E. Radcliffe, Lerach Coughlin Stoia & Robbins LLP, San Francisco, CA, David. A. Rosenfeld, Cauley Geller Bowman Coates & Rudman LLP, Melville, NY, F. Andre Delfi, Schiffrin & Barroway, LLP, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, Samuel H. Rudman, Cauley Geller Bowman Coates & Rudman LLP, Melville, NY, Guri Ademi, Ademi & O'Reilly, LLP, Shpetim Ademi, Ademi & O'Reilly, LLP, Cudahy, WI, Karen M. Hanson, Lockridge, Grindal, Nauen P.L.L.P., Richard A. Lockridge, Lockridge, Grindal, Nauen P.L.L.P., Minneapolis, MN, Andrew Schatz, Schatz & Nobel, P.C., Jeffrey S. Nobel, Schatz & Nobel, P.C., Nancy A. Kulesa, Schatz & Nobel, P.C., Hartford, CT, Ira M. Press, Kirby, McInerney & Squire, New York City, Todd David Epp, Abourezk Law Offices, PC, Sioux Falls, Alfred G. Yates, Law Offices of Alfred G. Yates, Jr., Pittsburgh, PA, Azra Z. Mehdi, Milberg, Weiss, Bershad, Hynes & Lerach LLP, San Francisco, CA, Curtis Trinko, New York City, David R. Scott, Scott & Scott, LLC, Colchester, CT, Kenneth A. Wexler, Kenneth A. Wexler and Associates, Chicago, IL, Lee Squitieri, Squitieri & Fearon, LLP, New York City, Paul J. Scarlato, Weinstein Kitchenoff Scarlato Karon & Goldman Ltd., Philadelphia, PA, Stephen J. Fearon, Squitieri & Fearon, LLP, New York City, Daniel M. Shanley, DeCarlo, Connor & Selvo, John T. DeCarlo, DeCarlo, Connor & Selvo, Los Angeles, CA, Michael A. Swick, Scott & Scott, LLC, Colchester, CT, for Dana Ross, Individually and on behalf of all other similarly situated, Carpenters Pension Trust for Southern California, On Behalf of Themselves and All Others Similarly Situated, Oppenheim Investment Management, LLC, On Behalf of Themselves and All Others Similarly Situated, John Gremillion, Jr., Individually and on Behalf of all Others Similarly Situated, Samuel E. Christen, on Behalf of Himself and all Others Similarly Situated, Alan G. Stevens, on Behalf of Himself and all Others Similarly Situated, John LaGalante, on Behalf of Himself and all Others Similarly Situated, Caman Investments Incorporated, on Behalf of Themselves and all Others Similarly Situated, William Pelak, Individually and On Behalf of All Others Similarly Situated, Joseph Wood, Jr., Individually and on Behalf of All Others Similarly Situated, Grace Liberoff, Individually and on Behalf of All Others Similarly Situated, Leon Feigin, Individually and on Behalf of All Others Similarly Situated, Arthur Laufer, Individually and on Behalf of all Others Similarly Situated, Sanford & Beatrice Golman Family Trust, on Behalf of Itself and All Others Similarly Situated, Plaintiffs.

David R. Crosby, Leonard, Street & Deinard, PC, Elizabeth Kramer, Leonard, Street & Deinard, PC, Michael G. Taylor, Leonard, Street & Deinard, PC, Stephen M. Quinlivan, Leonard, Street & Deinard, PC, Minneapolis, MN, Grace A. Carter, Paul Hastings Janofsky & Walker LLP, John A. Reding, Jr., Paul Hastings Janof-

sky & Walker LLP, San Francisco, CA, Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Morgan J. Miller, Paul Hastings Janofsky & Walker, LLP, William F. Sullivan, Paul Hastings Janofsky & Walker, LLP, San Diego, CA, David J. Stagman, Katten Muchin Zavis Rosenman, Chicago, IL, John Patrick Mullen, Bangs, McCullen, Butler, Foye & Simmons, Sioux Falls, SD, Mary Ellen Hennessy, Katten Muchin Zavis Rosenman, Sheldon T. Zenner, Katten Muchin Zavis Rosenman, Chicago, IL, Victoria M. Duehr, Bangs, McCullen, Butler, Foye & Simmons, Sioux Falls, SD, Edward Han, Paul Hastings Janofsky & Walker LLP, San Francisco, CA, Karol K. Denniston, Paul, Hastings, Janofsky & Walker, LLP, Atlanta, GA, David P. Pearson, Winthrop & Weinstine, P.A., Minneapolis, MN, Jeremiah D. Murphy, Murphy Goldammer & Prendergast, LLP, Sioux Falls, Karl E. Robinson, Winthrop & Weinstine, P.A., Minneapolis, MN, Vance R.C. Goldammer, Murphy Goldammer & Prendergast, LLP, Sioux Falls, SD, J. Christian Word, Latham & Watkins, Reston, VA, Michael A. Henderson, Cadwell, Sanford, Deibert & Garry, LLP, Sioux Falls, SD, Paul H. Dawes, Latham & Watkins, LLP, Menlo Park, CA, Steven W. Sanford, Cadwell, Sanford, Deibert & Garry, LLP, Sioux Falls, SD, Michele F. Kyrouz, Latham & Watkins, LLP, San Francisco, CA, John A. Neuwirth, Weil, Gotshal & Manges, LLP, Joseph S. Allerhand, Weil, Gotshal & Manges LLP, Miranda S. Schiller, Weil, Gotshal & Manges LLP, New York City, Timothy R. Shattuck, Woods, Fuller, Shultz & Smith, PC, Christopher Wayne Madsen, Boyce Greenfield Pashby & Welk, LLP, Sioux Falls, SD, Stephen E. Hermann, Richards, Layton & Finger PA, Wilmington, DE, Thomas John Welk, Boyce Greenfield Pashby & Welk, LLP, Sioux Falls, SD, for Merle D. Lewis, Kipp D. Orme, Northwestern Corporation, Richard R. Hylland, Daniel K. Newell, Eric R. Jacobsen, Gary G. Drook, Northwestern Capital Financing I, Northwestern Capital Financing II, Northwestern Capital Financing III, David A. Monaghan, Randy G. Darcy, Jerry W. Johnson, Larry F. Ness, Bruce I. Smith, Morgan Stanley & Co., Incorporated, Credit Suisse First Boston Corporation, UBS Warburg LLC, Merrill Lynch, Pierce, Fenner and Smith, Inc., Salomon Smith Barney Inc., Prudential Securities Incorporated, Merrill Lynch & Co., Inc., Morgan Stanley, Prudential Financial, Inc., Expanets, Inc., Blue Dot Services, Inc., Wilmington Trust Company, Kurt Whitesel, Marilyn R. Seymann, John C. Chatters, Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PRELIMINARY INJUNCTION AND DISCOVERY

PIERSOL, Chief Judge.

Plaintiffs filed a Motion for Preliminary Injunction, Expedited Discovery and Lifting the Discovery Stay, Doc. 208. The motions have been fully briefed and the Court held a hearing on the motions on October 8, 2003. After the hearing, the Court also received the parties supplemental statements in support of the motions. The motions will be denied for the reasons set forth below.

Plaintiffs seek an injunction preventing Defendants Expanets and Blue Dot Services, Inc. from transferring to NorthWestern Corporation or any other Defendants any of the proceeds from the sales of their assets while Plaintiffs are afforded time to take discovery and ascertain whether unlawful transfers are anticipated. NorthWestern filed for bankruptcy protection on September 14, 2003 in the District of Delaware. NorthWestern owns approximately 99 percent of the outstanding shares of Expanets and Blue Dot.

Expanets has signed an agreement to sell substantially all of its assets for $107.5 million in cash and a promissory note for $27 million. Blue Dot has sold approximately six of its businesses and is preparing to sell an additional 37 businesses, depending upon how those businesses are grouped for sale. With the sales of Expanets and Blue Dot, Plaintiffs contend there is a significant risk that necessary evidence will be lost or destroyed. Plaintiffs do not seek to enjoin Defendants Expanets and Blue Dot from selling their assets. But they do not want the proceeds of those sales to go to NorthWestern or the other Defendants. In addition to prohibiting the transfer of proceeds, Plaintiffs seek an order permitting them to conduct discovery regarding Expanets' and Blue Dot's asset sales and planned disposition of proceeds. They also seek relief from the Private Securities Litigation Reform Act's ("PSLRA") discovery stay to allow full discovery from Expanets and Blue Dot because Plaintiffs contend it is necessary to preserve evidence and prevent undue prejudice during the sale of Expanets and Blue Dot's assets to third parties.

Plaintiffs contend the Court has the authority to issue preliminary injunctive relief to prevent Defendants from rendering unenforceable an eventual monetary judgment against them. They further contend the difficulty in collecting on a money judgment constitutes a threat of irreparable injury sufficient to support the issuance of a preliminary injunction prohibiting a defendant from selling its assets. On the issue of balancing of the harm to the parties, Plaintiffs contend the injury to the purchasers of NorthWestern's securities, and the integrity of the marketplace by enforcing federal securities laws outweighs any potential damage preliminary injunctive relief may cause Defendants. Expanets and Blue Dot would not be prohibited from selling their assets if injunctive relief is granted, thus, Plaintiffs argue, there will be no significant hardship on these Defendants. As to the public interest factor, Plaintiffs contend issuance of the injunction is necessary to prevent harm to the public interest. Plaintiffs seek to recover on behalf of thousands of NorthWestern shareholders that were allegedly damaged by Defendants' fraud. Enforcement of the securities laws, argue Plaintiffs, undeniably serves the greater public interest on a national level. On the final factor, Plaintiffs contend there is a substantial likelihood that they will prevail on the merits.

The Court's authority to issue preliminary injunctive relief in this case is not impaired by the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999), argue Plaintiffs.

Defendants Expanets and Blue Dot argue that Plaintiffs' request for injunctive relief is an improper attempt to avoid the Bankruptcy Court's jurisdiction and jump ahead of senior creditor claims. The proper forum for this dispute, allege Defendants, is the United States Bankruptcy Court in Delaware. To the extent that Plaintiffs are attempting to exercise control over assets that may properly belong to the bankruptcy estate, Expanets and Blue Dot contend the automatic stay in bankruptcy proceedings prohibits the type of injunctive relief requested by Plaintiffs. Another bar to injunctive relief, urge Defendants, is that Plaintiffs' claims are subject to mandatory subordination pursuant to 11 U.S.C. § 510(b).

## DECISION

The parties dispute whether the Court has the authority to issue a preliminary injunction in this case. Defendants argue that the Supreme Court's decision in *Gru-*

*po*, 527 U.S. at 333, 119 S.Ct. 1961, leaves the Court without the authority to issue a preliminary injunction in this case. Plaintiffs, however, argue that *Grupo* does not prohibit the Court from issuing the requested preliminary injunction. The Court need not resolve this issue, because even if the Court had the authority to issue a preliminary injunction, Plaintiffs have not met their burden of demonstrating they are entitled to a preliminary injunction.

■■■ There are four factors to consider in determining whether Plaintiffs are entitled to a preliminary injunction: (1) the threat of irreparable harm to plaintiffs; (2) the state of the balance between this harm and the injury that granting the temporary restraining order will inflict on the defendants; (3) the probability of plaintiffs' success on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc) The Eighth Circuit rejected a construction of the "probability of success" factor requiring that the movant prove a greater than fifty per cent likelihood that he will prevail on the merits, reasoning that:

> At base, the question [of whether preliminary relief should be granted] is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. The equitable nature of the proceeding mandates that the court's approach be flexible enough to encompass the particular circumstances of each case. Thus, an effort to apply the probability language to all cases with mathematical precision is misplaced.

*Id.* at 113. Rather, the Eighth Circuit explained that "[i]n balancing the equities no single factor is determinative." *Id.* The likelihood that the movant will prevail on the merits "must be examined in the context of the relative injuries to the parties and the public." *Id.* The Eighth Circuit provided examples of the balancing and relative importance of various factors depending upon the circumstances of the case:

> If the chance of irreparable injury to the movant should relief be denied is outweighed by the likely injury to other parties litigant should the injunction be granted, the moving party faces a heavy burden of demonstrating that he is likely to prevail on the merits. Conversely, where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less.

*Id.* The Court determines that for the reasons set forth below the balancing of these factors in the present case weighs in favor of the Defendants and a preliminary injunction will not be granted.

On the issue of a threat of irreparable injury, the Court concludes that Plaintiffs have not met their burden of showing irreparable harm will occur absent an injunction. All of the Defendants that will receive the proceeds from the sale of Expanets and Blue Dots' assets are parties to this action. Plaintiffs have not shown that their claims to Expanets or Blue Dots' assets are senior to Defendants' current creditors. Moreover, even if the proceeds from the sale of Expanets or Blue Dots' assets are transferred to NorthWestern, Plaintiffs have not established that they are unable to participate in NorthWestern's bankruptcy proceedings to protect their interests. Recognizing, however, that Plaintiffs may not be in a position to fully protect their interests in the bankruptcy proceedings because they do not have a judgment to enforce, the Court finds that this factor tends to support the issuance of a preliminary injunction.

The second factor involves balancing the harms. If an injunction is granted, Plaintiffs contend Defendants Expanets and Blue Dots will not suffer harm because those Defendants are not prohibited from selling their assets. Rather they would be prohibited from transferring the proceeds of such sales to NorthWestern or any other Defendant. Expanets and Blue Dots are not the only Defendants in this action, thus, the Court must examine the potential harm to the other Defendants. North-Western is currently in a Chapter 11 proceeding before the United States Bankruptcy Court in Delaware and that court has reviewed the details of the proposed sale of Expanets' assets. The reorganization of a company the size of NorthWestern is a task more appropriately handled by the bankruptcy court than by this Court's piecemeal adjudication of the priority of Plaintiffs' claims. Prohibiting NorthWestern from obtaining significant sale proceeds will obviously harm that company, which is attempting to reorganize in bankruptcy. As explained above, although Plaintiffs are threatened with harm, they have the option of participating in the bankruptcy proceedings in an attempt to protect their interests. The Court finds this factor weighs against issuing an injunction.

The third factor requires the Court to evaluate the probability of success on the merits. At this point in the proceedings, Plaintiffs have filed a Consolidated Amended Complaint alleging securities violations and Defendants have filed motions to dismiss that complaint. The Court will be issuing an opinion on the motions to dismiss that have been filed by the Defendants, but it is likely that at least some of the claims against some of the Defendants will survive the motions to dismiss. The Court finds this factor weighs slightly in favor of the issuance of a preliminary injunction.

The fourth factor requires the Court to evaluate the public interest. Plaintiffs are representing a group of shareholders who allege that the Defendants violated federal securities laws. Given the significant size of NorthWestern and the large number of shareholders, the issuance of an injunction could potentially benefit many individuals and entities by preventing millions of dollars from going to NorthWestern's bankruptcy estate. It is important, however, to also recognize that reorganization of a company the size of NorthWestern is important to the public interest. Moreover, the public has an interest in the protection granted by the bankruptcy laws. The Court finds this factor is neutral in the determination of whether a preliminary injunction should be issued.

Having examined the factors individually, and considering the basic question of whether the balance of the equities so favors the Plaintiffs that justice requires the Court to intervene to preserve the status quo until the merits are determined, *see Dataphase*, 640 F.2d at 113, the Court concludes Plaintiffs have not met their burden of proving a preliminary injunction should be issued in this case. The Bankruptcy Court of Delaware is presiding over NorthWestern's Chapter 11 reorganization and is in a better position to determine the priority of Plaintiffs' claims.

■ The second issue in this case is whether the discovery stay imposed by the PSLRA should be lifted to allow Plaintiffs to conduct discovery as to Expanets and Blue Dot. The PSLRA provides:

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is neces-

sary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B). During the hearing on the pending motions, the Court informed the parties of its concern about loss of evidence. The Court recognizes that Expanets and Blue Dot have preservation of evidence obligations under the PSLRA and that a Stipulation regarding preservation of evidence applies to them. Nevertheless, the Court is concerned about loss of evidence when employees of these two companies leave their positions. Despite this concern, the Plaintiffs have not produced any evidence to show that the discovery stay must be lifted to preserve evidence in this case or to prevent undue prejudice to them. Thus, at this point in the proceedings, the motion for discovery will be denied. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motions for Preliminary Injunction, Expedited Discovery and Lifting of the PSLRA Discovery Stay as to Defendants Blue Dot Services, Inc. and Expanets, Inc., Doc. 208, are denied.